**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| | * | |
| TROY LOPEZ, JR., | | |
| | * | |
| Plaintiff, | | |
| | * | |
| v. | | Civil Action No. PX-22-986 |
| | * | |
| OFFICER ROBERT GROVE, | | |
| | * | |
| Defendant. | * | |
| | *** | |

<u>**MEMORANDUM OPINION**</u>

Plaintiff Troy Lopez brings suit against Defendant Officer Robert Grove based on Grove's alleged imprudent disclosure of Lopez' criminal offenses to fellow detainees who, in turn, assaulted Lopez. Originally, Lopez filed suit with his mother, Valerie Arroyo, as his co-Plaintiff, and against an array of correctional defendants employed by the Washington County Detention Center. ECF No. 1. Plaintiffs next amended the Complaint and moved to proceed in forma pauperis. ECF Nos. 2-4. The Court granted in forma pauperis status and directed the Plaintiffs to file a second amended complaint to potentially cure several pleading defects. ECF No. 6. [1] Plaintiffs filed a Second Amended Complaint (ECF No. 7) alongside a flurry of other ill-conceived motions. E.g. ECF Nos. 8-10.

After reviewing the Second Amended Complaint, the Court dismissed from the action Arroyo and all defendants except Officer Grove. ECF No. 11. Officer Grove now moves to dismiss or alternatively for summary judgment to be granted in his favor. ECF No. 15. Lopez not

---

[1] Plaintiffs moved to reconsider this Order which will be denied. ECF No. 14. The Clerk is also directed to amend the docket to reflect the defendant's last name as "Grove."

only responded to Grove's motion but cross moved for judgment in his favor.  ECF Nos. 17 & 22.[4]
The Court has reviewed the pleadings and finds that no hearing is necessary.   *See* Local Rule
105.6 (D. Md. 2023).   For the reasons discussed below, Grove's motion, construed as one for
summary judgment, will be granted, and Lopez' motion will be denied.

     **I.**      **Background**

     In November 2018, Lopez was arrested and held at the Washington County Detention
Center on assault and sex offense charges.  ECF No. 15-2.  Two days later, Lopez was attacked by
one or more detainees.  ECF No. 15-3.  Although the Second Amended Complaint avers that the
attack had been provoked by Officer Grove having discussed the nature of Lopez' charges with
other detainees, ECF No. 7, Lopez subsequently attested by sworn declaration that the November
2018 assault took place right after his fellow detainees had watched a news broadcast about Lopez'
arrest that led the detainees to "believe that I really rape[d] my ex-girlfriend with a gun."  ECF No.
17-3 at 2.

     After the assault, the facility placed Lopez in solitary confinement as a protective measure
until his trial in August of 2019, when he was acquitted of all charges.  ECF No. 15-10.  No
evidence suggests that Lopez had been assaulted or otherwise harmed while in protective custody.

     In May of 2019, six months after the assault, Lopez filed a grievance against Officer Grove.
In that grievance, Lopez accused Grove of disclosing the nature of his charges to detainees on May
26, 2019.  ECF No. 15-12; ECF No. 17-3.  Lopez now attests that after Grove's May 2019
comments, Lopez received several non-specific "threats" from other detainees.  ECF No. 17-3 at

---

[4] The Court denies Lopez' request to file a surreply.  ECF No. 20.  Surreplies are disfavored, to be permitted only
where good cause is shown, such as when the movant has raised a new matter for the first time in a reply.  *See Lewis
v. Rumsfeld*, 154 F. Supp. 2d 56, 61 (D. D.C. 2001).  No such good cause has been shown.

4. Grove was formally counseled as a result of his May 2019 disclosures. ECF Nos. 15-1 at 7, 15-12, and 15-13.

## II.       Standard of Review

Officer Grove seeks dismissal of the Second Amended Complaint or summary judgment in his favor. This dual request implicates the Court's broad discretion to elect whether to reach summary judgment. *See Kensington Vol. Fire Dep't., Inc. v. Montgomery Cty.*, 788 F. Supp. 2d 431, 436-37 (D. Md. 2011), *aff'd*, 684 F.3d 462 (4th Cir. 2012). Federal Rule of Civil Procedure 12(d) provides that when "matters outside the pleadings are presented to and not excluded by the court, the [Rule 12(b)(6)] motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). In determining whether to exercise such discretion, the Court considers whether the plaintiff was afforded sufficient notice and opportunity to present evidence outside the four corners of the Complaint. *See also Wells-Bey v. Kopp*, No. ELH-12-2319, 2013 WL 1700927, at *5 (D. Md. Apr. 16, 2013) (quoting 5C Wright & Miller, *Federal Practice & Procedure* § 1366, at 159 (3d ed. 2004, 2012 Supp.)).

Officer Grove's motion made clear to Lopez that this Court could reach summary judgment. ECF No. 15. *See Moret v. Harvey*, 381 F. Supp. 2d 458, 464 (D. Md. 2005). Lopez effectively recognized as much when he responded to the motion, submitted additional evidence for the Court's consideration, and cross moved for judgment in his favor. ECF Nos. 17 & 21. Thus, the Court will treat the motions each as seeking summary judgment.

Pursuant to Federal Rule of Civil Procedure 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The Court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all reasonable inferences in her favor without weighing the evidence or assessing the witnesses' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 645 (4th Cir. 2002). Importantly, "the mere existence of *some* alleged factual dispute between the parties

will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original).

The Court maintains an "affirmative obligation . . . to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).  "A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of his pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Id*. (quoting Fed. R. Civ. P. 56(e)).  A dispute of material fact is only "genuine" if sufficient evidence favoring the nonmoving party exists for the trier of fact to return a verdict for that party. *Anderson*, 477 U.S. at 249-50.

### III.    Analysis

Officer Grove first argues that the claim is time barred.  ECF No. 15-1 at 10.  The claim, averring deprivation of constitutional rights, proceeds pursuant to 42 U.S.C. § 1983.  Section 1983 does not set out a specific limitations period, and so the Court must use the limitations period applicable to the most analogous state-law cause of action. *Owens v. Balt. City State's Attorney's Office* 767 F.3d  379, 388 (4th Cir. 2014); *Jersey Heights Neighborhood Ass'n v. Glendening*, 174 F.3d 180, 187 (4th Cir. 1999) ("It is well-settled that sections 1983 and 1985 borrow the state's general personal injury limitations period, which in Maryland is three years."); *see also* 42 U.S.C. § 1988.  Maryland law requires that the action be filed within three years from the date the claim accrues.  Md. Code Ann., Cts. & Jud. Proc. ("C.J.") § 5-101 (2020 Repl. Vol.).   When a claim begins to accrue is governed by federal law. *Nassim v. Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995) (en banc) (citing *Cox v. Stanton,* 529 F.2d 47, 50 (4th Cir. 1975)); *see also McDonough*

4

*v. Smith*, —— U.S. ——, 139 S. Ct. 2149, 2155 (2019).  The limitations clock begins to run from the date the plaintiff possesses sufficient facts about the specific constitutional violation such that "reasonable inquiry will reveal his cause of action." *Nassim*, 64 F.3d at 955 (citing *United States v. Kubrick*, 444 U.S. 111, 122-24 (1979)); *see Parkway 1046, LLC v. U.S. Home Corp.*, 961 F.3d 301, 307 (4th Cir. 2020) (stating that a cause of action accrues when the plaintiff "has actual or constructive knowledge" of the claim).

The Second Amended Complaint avers that in November 2018, detainees assaulted Lopez because Grove had disclosed to them that Lopez was facing rape charges.  ECF No. 7 at 6.  Lopez indisputably knew at the time he was assaulted that Grove's disclosures were supposedly to blame.  Accordingly, Grove had all the facts necessary to proceed with the cause of action as of November 2018, and so he had until November 2021 to file suit.  He waited until April 22, 2022.  Thus, the claim as framed in the Second Amended Complaint is time barred.  ECF No. 1.

In his response, Lopez now shifts the focus, contending that Grove actually had talked to the detainees about the rape charges in May of 2019.  Thus, says Lopez, the claim did not start to accrue until that time.  ECF Nos. 17-1 at 3;17-3 at 2-4.  This argument fails.  Even if true that Grove made such comments in May of 2019, those comments post-dated the assault on Lopez, and so, have no causal relationship to Lopez' claim that the assault arose from Lopez' failure to protect him.  Thus, the May 2019 comments cannot save the claim, and dismissal would be warranted on limitations grounds alone.

For similar reasons, summary judgment is equally proper in Lopez' favor. To be sure, where a corrections official knowingly or recklessly fails to protect inmates from attack, an Eighth Amendment claim for cruel and unusual punishment may lie.  *See Farmer*, 511 U.S. at 834; *Wilson v. Seiter*, 501 U.S. 294, 303 (1991); *Hixson v. Moran*, 1 F. 4th 297, 302 (4th Cir. 2021); *Thompson*

*v. Virginia*, 878 F.3d 89, 97 (4th Cir. 2017).  But the officer's acts or omissions must have caused the injury to the detainee.

Here no such causal connection exists.  The parties agree that Lopez had been assaulted on November 20, 2018.  Further, the parties agree that Groves did not discuss with the detainees Lopez' criminal charges until six months later, on May 26, 2019.  ECF Nos. 15-1 at 5 and 17-1 at 3.  Lopez also now posits that he had been assaulted immediately after the detainees had watched news coverage of his criminal charges.  ECF No. 17-3 at 2.  When considering the evidence in the light most favorable to Lopez, no reasonable juror could conclude that Grove's imprudent discussions with the detainees – which took place well after the assault – played any role in putting Lopez within harms way.  Thus, summary judgment must be granted in Grove's favor.[8]

Last, turning to Lopez' motion for judgment in his favor. ECF No. 22.  For the same reasons, the motion must be denied.  At best, the motion fronts a laundry list of conclusory allegations and chronicles Lopez' demands for wholly unjustified relief.  It does nothing to upset the firm conclusion that the evidence, construed most favorably to Lopez, permits only summary judgment in Grove' favor.

## IV.     Conclusion

Based on the foregoing, Defendant Officer Robert Grove's motion, construed as one for summary judgment in his favor, is granted, and Plaintiff Troy Lopez' motion for judgment in his favor is denied.

---

[8] Recognizing its obligation to construe pro se complaints liberally, the Court also considers whether Lopez has stated a claim based on Grove's May 2019 comments.  Lopez does not.  The Second Amended Complaint does not mention any May 2019 incident with Grove having called Lopez a "kiddie toucher" – a fact Lopez alleges for the first time in his response to Grove's motion.  ECF Nos. 1, 17-1 at 3, and 17-3.  Lopez is bound by the complaint allegations and cannot amend a complaint through briefing.  *Stalman v. United States*, 995 F. Supp. 2d 446, 453 (D. Md. 2014) (citations omitted).

A separate order follows.

/S/
_____
Paula Xinis
United States District Judge